UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT HAYES,<br><br>        Plaintiff,<br><br>    v.<br><br>SCOTT KERNAN, et al.,<br><br>        Defendants. | **CASE NO. 1:16-cv-01235-AWI-MJS (PC)**<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO AMEND;**<br><br>**(2) DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF Nos. 8 & 9)**<br><br>**THIRTY DAY AMENDMENT DEADLINE**<br><br>**FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION**<br><br>**(ECF No. 9)**<br><br>**FOURTEEN DAY OBJECTION DEADLINE** |

      Plaintiff Albert Hayes, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 22, 2016. (ECF No. 1.) Plaintiff has declined Magistrate Judge jurisdiction. (ECF No. 11). No other parties have appeared.

On September 2, 2016, before his complaint could be screened, Plaintiff filed a motion for leave to file an amended complaint. (ECF No. 8.) He also filed a first amended complaint ("FAC") with the Court. (ECF No. 9.)  Within his FAC Plaintiff requests the Court issue a preliminary injunction. (Id.)

## I. Motion to Amend

Plaintiff moves to amend his complaint pursuant to Federal Rule of .Civil Procedure 15(a). A party may amend its pleading once as a matter of course at any time before a responsive pleading is served and up to twenty-one days after service of a responsive pleading.  Fed. R. Civ. P. 15(a)(1)(B). Plaintiff has not previously sought or been granted leave to amend, therefore he is entitled to amend as a matter of course.

Plaintiff's motion will be granted. The Court's screening of Plaintiff's FAC follows.

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

## III. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d

2

677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**IV.     Plaintiff's Allegations**

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility ("CSTAF") in Corcoran, California, where his claims arose. Plaintiff brings this action against Scott Kernan, Secretary of the California Department of Corrections and Rehabilitation ("CDCR"); M. Voong, CDCR's acting Chief Inmate Appeal Officer; J.P. Corral, CSATF Appeal Coordinator, and J. Zamora, CSATF Appeal Coordinator. He sues each Defendant in his or her individual and official capacities.

Plaintiff's allegations may be summarized as follows:

Plaintiff has been deaf since birth. He also has mental health issues, has difficulty speaking, and cannot communicate well using American Sign Language. He therefore requires assistance to understand and participate in prison administrative processes. He also needs help expressing himself in writing (The instant complaint was drafted with the aid of another inmate.) In the past CSTAF officials have provided Plaintiff with a staff assistant to aid him in understanding and participating in disciplinary hearings.

In October 2014, Plaintiff was issued a Rules Violation Report ("RVR") and placed in the administrative segregation unit ("ad-seg") after he was involved in a fight with another inmate. After a hearing on the RVR, during which Plaintiff was assigned a staff

3

assistant to aid him, Plaintiff was found not guilty and released from ad-seg. However, several items of Plaintiff's personal property were missing. Therefore, on November 10, 2014, Plaintiff filed an inmate grievance, Log No. SATF-D-14-D5729 (the "First Grievance") to complain about his lost property. On November 18, 2014, it was rejected on the ground that the appeal reviewer could not discern the issue under appeal.

Plaintiff resubmitted the First Grievance, this time citing §§ 3084.1(c)[1] and 3084.5(b)(1)[2] of the California Code of Regulations, which entitled Plaintiff to a staff assistant in preparing his inmate grievances. It appears the resubmission was returned to Plaintiff on December 23, 2014.

On December 29, 2014, Plaintiff filed another grievance, Log No. SATF-D-00058 (the "Second Grievance") and attached to it the First Grievance. Plaintiff again claimed that he was improperly denied a staff assistant in preparing his grievance. The Second Grievance was rejected as untimely.

On May 22, 2015, Plaintiff submitted an inmate grievance to the third level of review. It appears unrelated to the First or Second Grievances. It complains of disability discrimination on the ground that Plaintiff was not provided assistance in preparing his grievances.

Plaintiff alleges violations of due process, equal protection, Title II of the Americans with Disabilities Act ("ADA"), and § 504 of the Rehabilitation Act ("RA"). He seeks a preliminary and permanent injunction as well as declaratory relief.

**V.  Discussion**

  **A.  Linkage**

Under § 1983, in order to state a claim against an official in his personal capacity, a plaintiff must demonstrate that each named defendant *personally* participated in the

---

[1] "Department staff shall ensure that inmates and parolees, including those who have difficulties communicating, are provided equal access to the appeals process and the timely assistance necessary to participate throughout the appeal process." Cal. Code Regs. tit. 15, § 3084.1(c) (West).

[2] "When an appeal indicates the inmate or parolee has difficulty describing the problem in writing or has a primary language other than English, the appeals coordinator shall ensure that the inmate or parolee receives assistance in completing and/or clarifying the appeal." Cal. Code Regs. tit. 15, § 3084.5(b)(1) (West).

4

deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons, 609 F.3d 1011, 1020-21(9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Lemire v. Cal. Dept. of Corrections & Rehabilitation, 726 F.3d 1062, 1074-75 (9th Cir. 2013) ("A prison official in a supervisory position may be held liable under § 1983 . . . 'if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation.'") (quoting Lolli v. Cty. of Orange, 351 F.3d 410, 418 (9th Cir. 2003)); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Where a plaintiff alleges a defendant failed to intervene to stop the abuses of subordinate staff, he must allege that the supervisor defendant failed to intervene after being placed on notice of ongoing constitutional violations by subordinate staff. Starr, 652 F.3d at 1205-08.

Here, Plaintiff attributes liability to Defendant Kernan based on his position as Secretary of the CDCR. He does not state how Defendant Kernan knew or should have known of the supposed violations committed by his subordinates. Additionally, Plaintiff fails to link the remaining Defendants to any unconstitutional act; he does not set forth what it is he believes each Defendant did to violate Plaintiff's rights. It is not sufficient to simply state that each of these individuals was "involved" in the processing of Plaintiff's appeals—Plaintiff must "set forth specific facts as to each individual defendant's"

5

deprivation of his rights. Leer, 844 F.2d at 634. Plaintiff's claims against all Defendants in their individual capacities will be dismissed with leave to amend.

### B.     Official Capacity Claims

Plaintiff sues all Defendants in their official capacities and properly seeks only injunctive and declaratory relief. See Aholelei v. Dept. of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). However, in addition to being limited to prospective relief, a plaintiff pursuing defendants in their official capacities must demonstrate that a policy or custom of the governmental entity of which the official is an agent was the moving force behind the violation. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Kentucky v. Graham, 473 U.S. 159, 166 (1985). That is, the plaintiff must establish an affirmative causal link between the policy at issue and the alleged constitutional violation. See City of Canton, Ohio v. Harris, 489 U.S. 378, 385, 391-92 (1989); Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996); Oviatt v. Pearce, 954 F.2d 1470, 1473-74 (9th Cir. 1992). Furthermore, although Plaintiff is permitted to pursue claims for injunctive relief against state actors in their official capacities, "[a] plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation." Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1127 (9th Cir. 2013) (citing Hafer, 502 U.S. at 25.) "Rather, a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief." Hartmann, 707 F.3d at 1127 (citing Los Angeles County v. Humphries, 562 U.S. 29, 35-36 (2010)).

Here, Plaintiff has not alleged the existence of any policy or custom that led to his injuries. All claims against Defendants in their official capacities will therefore be dismissed with leave to amend.

### C.     Substantive Claims

Inasmuch as Plaintiff's case must be dismissed, albeit with leave to amend, for the reasons set forth above, the Court will set out below the pleading criteria for those causes

of action it appears Plaintiff may conceivably wish to assert against such Defendants, if any, as may hereafter be properly brought into the case.

### 1.  Due Process

The Due Process Clause protects prisoners from being deprived of a liberty interest without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466 (1983). Liberty interests created by state law are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Because there is no right to any particular grievance process, a disabled inmate has no constitutional right to outside assistance in preparing his grievance forms. Plaintiff's argument that he does retain such a right appears to be based primarily on the applicable California regulations, see *infra* n. 1 & 2. However, California regulations do not dictate the outcome of the federal due process analysis. Nor do the Title 15 regulations governing the conduct of prison officials entitle an inmate to sue civilly for their violation. See e.g., Vasquez v. Tate, No. 1:10-cv-1876-JLT (PC), 2012 WL 6738167, at *9 (E.D. Cal. Dec. 28, 2012); Davis v. Powell, 901 F. Supp. 2d 1196, 1211 (S.D. Cal. 2012). Accordingly, Plaintiff's allegation that regulations were not followed, standing alone, fails to state a claim.

Prisoners do, however, retain a First Amendment right to petition the government through the prison grievance process. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). Therefore, interference with the grievance process may, in certain circumstances, implicate the First Amendment. Such a claim would be based on the theory that

7

interference with the grievance process resulted in a denial of the inmate's right to access to the courts, a right that includes petitioning the government through the prison grievance process. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures). The right of access to the courts, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis, 518 U.S. at 356–57. Moreover, the right is limited to non-frivolous criminal appeals, habeas corpus actions, and § 1983 suits. See id. at 353 n. 3 & 354–55. Therefore, the right of access to the courts is only a right to present these kinds of claims to the court. See id. at 354–55.

To make a claim for the denial of access to the courts, a prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. See id.; see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007). Delays in providing legal materials or assistance which result in prejudice are "not of constitutional significance" if the delay is reasonably related to legitimate penological purposes. Lewis, 518 U.S. at 362.

### 2. ADA and RA Claims

Title II of the ADA and § 504 of the RA prohibit discrimination on the basis of disability. 42 U.S.C. § 12132 (West); 29 U.S.C. § 794 (West); Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).

> To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability, [and] [t]o establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance."

Lovell, 303 F.3d at 1052; accord Simmons v. Navajo Cnty., 609 F.3d 1011, 1021-22 (9th

Cir. 2010). The "duty to provide reasonable accommodations under the ADA and the [RA] arises when a policy discriminates *on the basis of disability.*" Weinreich v. Los Angeles Cty. Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997) (emphasis in original).

Suits against individuals in their personal capacities are precluded under the ADA and RA. See, e.g., A.W. v. Jersey City Pub. Sch., 486 F.3d 791, 804 (3d Cir. 2007); Heinke v. Cnty. of Tehama Sheriff's Dept., No. CIV S-12-2433 LKK-KJN, 2013 WL 3992407, at *7 (E.D. Cal. Aug. 1, 2013); White v. Smyers, No. 2:12-cv-2868 MCE AC P, 2012 WL 6518064, at *6 (E.D. Cal. Dec. 13, 2012).

### 3. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). To make an Equal Protection Claim, an inmate must show either that Defendants intentionally discriminated against him on the basis of his membership in a protected class, see Hartmann, 707 F.3d at 1123; Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005), or that he received disparate treatment compared to other similarly situated inmates and there was no rational basis for that difference in treatment. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). An Equal Protection claim may also exist where a policy that is neutral on its face has a disproportionate, or "disparate," impact on an identifiable group. Village of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 264-66 (1977).

Disability is not a suspect class for Equal Protection purposes. Pierce v. Cnty. of Orange, 526 F.3d 1190, 1225 (9th Cir. 2008). In determining whether a disabled inmate is similarly situated to non-disabled inmates, the Court should ask "whether the disabled plaintiff is equally capable for the purpose at issue." Hansen v. Rimel, 104 F.3d 189, 190 (8th Cir. 1997), see also Clark v. State of California, No. C 96–1486 FMS, 1998 WL 242688, *4–5 (N.D.Cal.1998) (where developmentally disabled prisoners lacked skills to fill out forms, thereby limiting their access to medical care and educational programming, for purposes of Equal Protection analysis they were not similarly situated to non-

9

developmentally disabled prisoners). Claims brought under any theory must satisfy the intent requirement, that is, the plaintiff must show that some discriminatory purpose underlies the policy. See Village of Arlington Heights, 429 U.S. at 264-66; Pierce, 526 F.3d at 1225.

### 4. Potential Doe Defendants

The Court will not entertain claims against Doe Defendants unless they are specifically named in the caption of the complaint, as required by Federal Rule of Civil Procedure 10(a), and Plaintiff properly links each Doe Defendant to the violation of his rights by distinguishing between each Doe Defendant and describing what each did or failed to do to violate Plaintiff's rights. Leer, 844 F.2d at 634

### 5. Preliminary Injunctive Relief

"[A] preliminary injunction is an extraordinary remedy never awarded as of right," Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). Preliminary injunctive relief should be denied if the probability of success on the merits is low. See Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995).

An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Winter, 555 U.S. at 22 (citation omitted) (emphasis added). In addition, in cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

Finally, a Plaintiff "must show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the

10

defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).

On these facts, Plaintiff is not entitled to the issuance of an injunction. The Court will recommend Plaintiff's request be denied.

## VI. Conclusion

Plaintiff's FAC will be dismissed for failure to state a claim for which relief may be granted. Plaintiff will be given an opportunity to amend, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr, 652 F.3d at 1205-07. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend (ECF No. 8) is GRANTED;
2. Plaintiff's FAC (ECF No. 9) is DISMISSED with leave to amend;
3. The Clerk's Office shall send Plaintiff a blank complaint form along with a copy of the FAC filed September 2, 2016;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff must

either file an amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal;

5. If Plaintiff fails to comply with this order, this action will be dismissed, with prejudice, for failure to state a claim, failure to prosecute, and failure to obey a court order.

Furthermore, it is HEREBY RECOMMENDED that:

6. Plaintiff's request for a preliminary injunction (ECF No. 9) be denied.

The Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with the Findings and Recommendation, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   December 18, 2016            /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE

12