1

2

3

4

5

<u>6</u>

7

8                            UNITED STATES DISTRICT COURT

9                            EASTERN DISTRICT OF CALIFORNIA

10

11   ALBERT HAYES,                          CASE NO. 1:16-cv-01235-AWI-MJS (PC)

12              Plaintiff,                    **ORDER ADOPTING FINDINGS AND
                                             RECOMMENDATIONS TO DENY**
13        v.                                 **PLAINTIFF'S MOTION FOR A
                                             PRELIMINARY INJUNCTION**
14   SCOTT KERNAN, et al.,
                                             **(ECF No. 16)**
15              Defendants.

16                                           **ORDER DENYING REQUEST FOR
                                             RECONSIDERATION OF THE**
17                                           **MAGISTRATE JUDGE'S SCREENING
                                             ORDER**
18
                                             **(ECF No. 19)**
19

20         Plaintiff is a prisoner proceeding pro se in this civil rights action brought pursuant

21   to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge

22   pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

23         Plaintiff initiated this action on August 22, 2016. (ECF No. 1.)  In a screening

24   order issued on December 19, 2016, the Magistrate Judge dismissed Plaintiff's first

25   amended complaint for failure to state a claim, but granted leave to amend. (ECF No.

26   16.) The Magistrate Judge also issued findings and recommendations to deny Plaintiff's

27   request for a preliminary junction directing prison officials to assist Plaintiff with his

28

grievances. (Id.) Plaintiff was directed to file his objections within fourteen days. Plaintiff's objections were filed on January 12, 2017. (ECF No. 19.) Therein, Plaintiff objects not only to the Magistrate Judge's refusal to enter a preliminary injunction, but also to the Magistrate Judge's finding that Plaintiff's complaint failed to state a claim. Plaintiff's objections regarding the Magistrate Jude's screening order are more appropriately construed as a motion for reconsideration under Rule 72(a) of the Federal Rules of Civil Procedure.

## I. Motion for Reconsideration

A Magistrate Judge's screening order is not a final order dispositive of a claim or defense. Reid v. United States, No. 1:14-cv-01163-LJO-MJS, 2015 WL 2235127, at *1 (E.D. Cal. May 12, 2015). Under Rule 72(a), a party may object to any nondispositive orders entered by a magistrate judge.  Rule 72(a) then requires the district judge to "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Likewise, Local Rule 303(c) states: "A party seeking reconsideration of the Magistrate judge's ruling shall file a request for reconsideration by a Judge and serve the Magistrate judge and all parties. Such request shall specifically designate the ruling, or part thereof, objected to and the basis for that objection."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id. Furthermore, "'[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation . . .'" of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D. N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking

reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . ."

Plaintiff's filing is difficult to understand. He essentially argues that the factual allegations contained within the first amended complaint are sufficient to state a cause of action under the Due Process Clause, the Americans with Disabilities Act, and the Equal Protection Clause. He points to no new or different facts or circumstances to support his motion, other than to point out that he "inadvertently" wrote in his complaint that he sued each Defendant in his individual capacity, when he in fact means to sue them in their official capacities only.

Plaintiff's first amended complaint was properly dismissed for failure to link any named Defendant to an act or omission that resulted in the violation of Plaintiff's rights. The Magistrate Judge also advised Plaintiff that any claims he wished to make against Defendants in their official capacities must allege the existence of a policy or practice that led to the violation of Plaintiff's rights. To the extent Plaintiff wishes to clarify his claims, the Magistrate Judge granted him an opportunity to file an amended complaint. Plaintiff should heed this directive. Plaintiff's motion for reconsideration will be denied.

**II.      Findings and Recommendation to Deny Preliminary Injunctive Relief**

Plaintiff maintains that he has been and continues to be irreparably harmed by the conduct of the named Defendants, in that he suffers stress and anxiety, which affects his mental and physical well-being. Plaintiff argues that at the very least, he should be granted an opportunity to amend his request for injunctive relief to set forth more facts in support.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court has conducted a de novo review of Plaintiff's request. The Court finds the findings and recommendations to be supported by the record and by proper analysis. Plaintiff has made no showing that he is entitled to injunctive relief at this time; indeed, as Plaintiff has not yet stated a cognizable claim, the Court lacks jurisdiction to direct the

actions of Defendants. <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985). The Court will deny his request, albeit without prejudice. If new circumstances arise in the future that warrant consideration, Plaintiff may renew his request at that time.

Accordingly, it is HEREBY ORDERED that:

1. The findings and recommendations filed on December 19, 2016 (ECF No. 16) is adopted in full;

2. Plaintiff's motion for a preliminary injunction (ECF No. 9) is DENIED without prejudice; and

3. Plaintiff's motion for reconsideration of the Magistrate Judge's screening order (ECF No. 19) is DENIED.

IT IS SO ORDERED.

Dated:   June 6, 2017

_____
SENIOR DISTRICT JUDGE