UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALBERT HAYES,

        Plaintiff,

v.

SCOTT KERNAN, et al.,

        Defendants.

**CASE NO. 1:16-cv-01235-AWI-MJS (PC)**

**ORDER GRANTING REQUESTS TO DISMISS DEFENDANT KERNAN FROM THE COMPLAINT**

**(ECF Nos. 34 & 36)**

**FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO STATE A CLAIM**

**(ECF No. 35)**

**FOURTEEN DAY OBJECTION DEADLINE**

      Plaintiff Albert Hayes, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 22, 2016. (ECF No. 1.) Plaintiff has declined Magistrate Judge jurisdiction. (ECF No. 11). No other parties have appeared.

      On March 23, 2017, the Court screened Plaintiff's second amended complaint (ECF No. 24) and dismissed it for failure to state a claim. (ECF No. 26.) The Court found that amendment of his Due Process and Equal Protection claims or his claims against

Defendant Kernan would be futile, but granted Plaintiff thirty days to amend his retaliation and ADA claims against Defendants Corral and Voong only. (Id.) Before the Court for screening is Plaintiff's third amended complaint. (ECF No. 35.)

On June 8, 2017, Plaintiff filed a motion to voluntarily dismiss Defendant Kernan from the complaint. (ECF No. 34.) Plaintiff also filed a motion seeking leave to name the "right" defendant, in which he asks to remove Defendant Kernan from the complaint and name only Defendants Corral and Voong. (ECF No. 36.)

## I.    Miscellaneous Filings

Plaintiff moves to voluntarily dismiss Defendant Kernan from the complaint. (ECF No. 34.) The Court's March 23, 2017 screening order of Plaintiff's second amended complaint advised Plaintiff that it would not entertain any further claims against Kernan based on Plaintiff's failure, on two separate occasions, to allege any violations committed by him. Nonetheless, under Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff may voluntarily dismiss an action or a portion thereof without a Court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. On Plaintiff's motion, Defendant Kernan will thus be terminated from the action.

ECF No. 36 reiterates Plaintiff's desire to dismiss Kernan from the complaint. He also raises several other concerns: he reminds that Court that he has had to rely on other inmates to draft his filings and asks again that the Court appoint him counsel; he objects to the Court's denial of leave to amend certain claims in its March 23, 2017 screening order; and he reiterates and expounds on the allegations of his civil rights complaint.

First, for the reasons already stated, Defendant Kernan will be dismissed from the complaint. Second, Plaintiff has twice been informed (See ECF Nos. 7 & 37) that at this juncture in the proceedings, the Court cannot provide the relief Plaintiff seeks.

Next, to the extent Plaintiff takes issue with the Magistrate Judge's findings in prior screening orders, he may raise them in his objections to the instant findings and recommendations. Finally, since a civil rights complaint must be complete in itself (Local

2

Rule 220), in screening Plaintiff's pleading, the Court will not consider the current reiteration and elaboration of his allegations or other factual allegations in extraneous filings.

## II.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

## III.   Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor,

Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## IV. Plaintiff's Allegations

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility ("CSTAF") in Corcoran, California, where his claims arose. Plaintiff brings this action against M. Voong, CDCR's acting Chief Inmate Appeal Officer; and J.P. Corral, CSATF Appeal Coordinator. He sues each Defendant "in his or her individual and official capacity, respectively." He alleges violations of the First, Eighth, and Fourteenth Amendments, as well as violations of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and related federal regulations.[1]

Plaintiff's allegations may be summarized as follows:[2]

Plaintiff is 69 years old, wheelchair-bound, of limited education, and hearing impaired. He also has a speech impediment, has difficulty expressing himself in writing, and cannot communicate well using American Sign Language. He has also been diagnosed with schizophrenia. Plaintiff struggles to comprehend complex written words and has difficulty putting words together into intelligible thoughts. Because of his difficulty communicating, Plaintiff's attempts at conveying his problems always result in significant miscommunication and misunderstanding.

On November 10, 2014, Plaintiff submitted an administrative grievance complaining that his personal property was missing. On November 18, 2014, the grievance was returned with a notice stating it was rejected because it contained "pointless verbiage that the staff could not reasonably be expected to understand to identify the issue under appeal." The grievance was described as rambling, lengthy, and pointless. Plaintiff was also informed that he needed to attach a copy of the receipt for his lost property to his grievance and remove several handwritten pages. Plaintiff complied

---

[1] See 28 C.F.R. §§ 35.104(1) and 35.160(b)(2).
[2] Plaintiff refers to various attachments—presumably exhibits—throughout his factual narrative. There are no exhibits attached to the complaint filed with the Court.

and resubmitted the appeal, explaining that he was never given a property receipt and requesting assistance from someone who was qualified to read and interpret the incomprehensible grievance. Plaintiff also cited to sections 3084.1(c) and 3084.5(b)(1) of the California Code of Regulations.[3]

On December 23, 2014, Corral canceled the resubmitted grievance, citing the fact that Plaintiff did not attach a copy of his property receipt. He ignored Plaintiff's request for staff assistance. A few days later, Plaintiff submitted a second appeal appealing the cancellation of his first appeal. Corral rejected the second appeal for failure to attach a copy of the cancelled first appeal documents. Plaintiff therefore resubmitted the second appeal with the first appeal documents attached. Plaintiff again requested staff assistance. The second appeal was accepted by Corral at the second level of the review.

On February 20, 2015, Plaintiff received notice that his second appeal was cancelled on timeliness grounds, even though it was timely submitted. Corral again ignored Plaintiff's request for staff assistance. Plaintiff believes Corral intentionally discriminated against Plaintiff on the basis of his disabilities when he failed to assign staff assistance to Plaintiff in filing his appeals.

Plaintiff submitted the second appeal to Defendant Voong at the third level of review, complaining that it was wrongfully cancelled and alleging that Corral discriminated against Plaintiff on the basis of his disability by not assigning him a staff assistant. Voong's response to the second appeal was that he could not address the disability discrimination issue or Corral's failure to provide assistance.

Plaintiff believes Corral and/or Voong should have conducted an inquiry to determine what sort of accommodation would allow Plaintiff to effectively communicate

---

[3] The regulations state:
"When an appeal indicates the inmate or parolee has difficulty describing the problem in writing or has a primary language other than English, the appeals coordinator shall ensure that the inmate or parolee receives assistance in completing and/or clarifying the appeal." Cal. Code Regs. tit. 15, § 3084.5(b)(1) (West).
"Department staff shall ensure that inmates and parolees, including those who have difficulties communicating, are provided equal access to the appeals process and the timely assistance necessary to participate throughout the appeal process." Cal. Code Regs. tit. 15, § 3084.1(c) (West).

his grievance. Plaintiff seeks injunctive and monetary relief.

## V.    Discussion

Plaintiff was granted leave to amend his ADA and retaliation[4] claims only. Plaintiff was informed in the Court's March 23, 2017 screening order that he should not attempt to amend his Fourteenth Amendment Equal Protection and Due Process claims, as he had already been given two opportunities to plead these claims and further attempts at amendment would be futile. (ECF No. 26 at 7, 9, and 11.) Therefore, to the extent Plaintiff repeats the allegations pertaining to those potential claims in his third amended complaint, they will not be addressed again here—if Plaintiff disagrees with the Magistrate Judge's findings regarding those claims, he may so state in his objections to these findings and recommendations.

For the reasons set forth below, the undersigned will recommend Plaintiff's complaint be dismissed with prejudice for failure to state a claim.

First, Plaintiff states in his third amended complaint that he has no intention of stating a claim for retaliation. (ECF No. 35 at 14.) Any allegations that could relate to a retaliation claim are therefore disregarded.

Second, Plaintiff was previously advised of the requirements for a claim for violation of the ADA and RA. (ECF No. 16 at 8-9.) Title II of the ADA and § 504 of the RA prohibit discrimination on the basis of disability. 42 U.S.C. § 12132 (West); 29 U.S.C. § 794 (West); Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).

> To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability, [and] [t]o establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance."

---

[4] Although Plaintiff never expressly made a claim for retaliation, his second amended complaint alluded to a circumstance in which Defendant Corral threatened to place Plaintiff on the "blacklist" if he continued to file grievances. (ECF No. 24 at 7.) Plaintiff was advised to make this claim more explicit in his third amended complaint if he so chose.

6

Lovell, 303 F.3d at 1052; *accord* Simmons v. Navajo Cnty., 609 F.3d 1011, 1021-22 (9th Cir. 2010). The "duty to provide reasonable accommodations under the ADA and the [RA] arises when a policy discriminates *on the basis of disability."* Weinreich v. Los Angeles Cty. Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997) (emphasis in original). Suits against individuals in their personal capacities are precluded under the ADA and RA. Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) ([A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in [his or] her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act."); see also A.W. v. Jersey City Pub. Sch., 486 F.3d 791, 804 (3d Cir. 2007); Heinke v. Cnty. of Tehama Sheriff's Dept., No. CIV S-12-2433 LKK-KJN, 2013 WL 3992407, at *7 (E.D. Cal. Aug. 1, 2013); White v. Smyers, No. 2:12-cv-2868 MCE AC P, 2012 WL 6518064, at *6 (E.D. Cal. Dec. 13, 2012). Furthermore, "compensatory damages are not available under Title II or § 504 absent a showing of discriminatory intent." Lovell, 303 F.3d at 1056 (internal quotations omitted).

Based on the phrasing of Plaintiff's complaint, he appears to sue Voong in his individual capacity and Corral in his official capacity. Plaintiff was twice advised of the requirements for pleading an official capacity claim (ECF Nos. 16 and 26), yet failed to cite to an unlawful policy or practice of the state as necessary to support such a claim against Corral. See Hafer v. Melo, 502 U.S. 21, 25 (1991) ("Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, the entity's 'policy or custom' must have played a part in the violation of federal law.") (internal quotations omitted.) Plaintiff was informed that, given his failure to adhere to the pleading standards, the Court would not entertain any further iterations of his official capacity claims. (ECF No. 26 at 6-7.)

Even if the Court were to consider Plaintiff's official capacity claim against Corral, Plaintiff still identifies no policy or practice of the state that led to the perceived violations. Plaintiff is thus left with only his individual capacity claims against Voong. Plaintiff continues to point to the individual actions of Corral and Voong, and not an institutional

policy or practice, as the cause of the alleged ADA and RA violations. As Plaintiff cannot maintain his claims for violating the ADA or RA against individual defendants, they must be dismissed. Leave to further amend would be futile and should be denied.

## VI.    Conclusion

For the reasons set forth above and in its prior screening orders, the Court finds Plaintiff fails to state a claim. Further leave to amend would be futile and should be denied.

Accordingly, IT IS HEREBY ORDERED THAT:

At Plaintiff's request, Defendant Scott Kernan is TERMINATED from this action;

And IT IS HEREBY RECOMMENDED THAT:

This action be DISMISSED with prejudice for failure to state a claim.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen** (14) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    __June 27, 2017__          __/s/ Michael J. Seng__
                                      UNITED STATES MAGISTRATE JUDGE